## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                            Chapter 7

JORGE HANE,                                                       Case No. 16-25954-LMI

        Debtor.

_____/

BLUE BANK INTERNATIONAL, N.V.;                                   Adv. No: 17-01234-LMI
COLTEFINANCIERA, S.A.

        Plaintiffs,
   v.

JORGE HANE,

        Defendant.

_____

### AMENDED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE

Plaintiffs-Creditors Blue Bank International, N.V. ("BLUE BANK"), and Coltefinanciera, S.A. ("COLTE") (collectively, "PLAINTIFFS") hereby complain of Debtor and Defendant Jorge Hane ( "HANE" or the "Debtor") as follows:

JURISDICTION

1.      On November 30, 2016, HANE filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code ("Petition") [D.E. 1].

2.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and Bankruptcy Code §§ 523 and 727. The matter is a core proceeding pursuant to 28 U.S.C. §157.

1

3.      As of the date of this Amended Complaint, HANE has not been granted a discharge.

4.      PLAINTIFFS' last day to file a complaint objecting to discharge or to determine dischargeability was June 9, 2017 by order of the Court [D.E. 60], and PLAINTIFFS filed a timely complaint. Following a motion to dismiss one count, PLAINTIFFS submit this timely Amended Complaint based on the same facts referenced in the original complaint.

5.      This is an adversary proceeding in which the PLAINTIFFS are objecting to the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A) and are seeking a determination as to the dischargeability of the debt owed by the Debtor to PLAINTIFFS under Bankruptcy Code § § 523(a)(2)(A).

## GENERAL ALLEGATIONS

6.      HANE is known throughout the Americas as the "Internationally Weight Loss Guru," and has controlled several companies in both the United States and Latin America. HANE, his spouse and their related companies sell beauty and weight loss products, and nutritional supplements, most famously "Reduce Fast Fast," "Redu-Crème" and "Redu Fat Fast." A current online ad claims they are "Sold for more than 20 years in over 103 countries. Millions of units sold worldwide!" and prominently features HANE's name and likeness.[1]

7.      HANE is a Colombian native, but has lived for many years in the United States,[2] and declared in the Chapter 7 Petition that his residence was in Bal Harbour, Florida. He has owned, and is believed to continue to control, a network of international companies with 100% or majority ownership. Among HANE's companies disclosed in public records since November 2012 are:

---

[1] http://www.jorgehane.com.ar/otros/linea-suplemento.php (accessed Nov. 10, 2017)(shows mailing address as PO Box 371399, Miami, FL 33137 and terms of use state the site is "intended for residents of the United States only"); https://www.amazon.com/Reduce-Fat-Fast-Pills-Ingredients/dp/B01FRC98VM (for sale as of Apr. 1, 2017; states "unavailable" when accessed on Nov. 10, 2017).

[2] This is HANE's *third* Chapter 7 Bankruptcy in the Southern District of Florida.

a.      JorgeHane Holdings, LLC, an active Florida limited liability corporation incorporated in 2011, with a principal address on Sunbiz.com at 131 Bal Cross Drive, Bal Harbour, FL 33154 (HANE's residence). **This company is not disclosed in HANE's Schedules [See D.E. 10, Item 19].** The articles of incorporation and annual reports through 2015 show that HANE was the manager of the company. In the last annual reports filed on March 30, 2016 and April 13, 2017, HANE's wife, Florencia Hane is listed as the manager with the same address as HANE's residence.

b.      JorgeHane Laboratories Corp., a Florida profit corporation incorporated in 1996, with a principal address on Sunbiz.com at 131 Bal Cross Drive, Bal Harbour, FL 33154 (HANE's residence). HANE is the only officer listed for this company on Sunbiz.com, and the last annual report was filed in March 30, 2016; it was administratively dissolved for failure to file an annual report on September 22, 2017. This company is disclosed in HANE's schedules as 100% owned by HANE, but its value is listed as $0.00 and the note says "no value as debts greatly exceed limited assets." [See D.E. 10, Item 19]. This Florida company is also listed as co-debtor for various debts in Schedule H [D.E. 10 at p.23]. According to BLUE BANK records not disclosed by HANE in the bankruptcy, between November 2015 and March 2016, HANE transferred $242,000 from this company's BLUE BANK account in Curaçao to other accounts controlled by HANE.

c.      JorgeHane Laboratories Colombia, S.A.S., a Colombian company incorporated in October 2011, and registered under Colombian Tax ID No. 900475735, with its principal place of business at Carrera 15, No.98-26, Piso 5 Oficina 502 in Bogota, D.C., Colombia. **This company is not disclosed in HANE's Schedules as a company in which**

**he has any interest** [See D.E. 10, Item 19], but it is referenced in the Schedules as "wholly owned by JorgeHane Laboratories Corp. Business is now in liquidation proceeding in Colombia that was filed in March 2016" [D.E. 10 at 36]. This Colombian company is mentioned as a co-debtor in the Schedule E/F list of unsecured creditors where HANE states that he owes $1,200,000.00 to COLTE (Line 4.4); $175,000.00 to Bank GNB Sudameris (Line 4.5); $350,000.00 to BLUE BANK; $52,896.42 to Citibank (Line 4.9); and $57,000.00 to the company itself [Line 4.12)]. For the COLTE and Bank GNB Sudameris, HANE writes: "Guarantor and/or co-signer of loan to JorgeHane Laboratories Colombia SAS" [D.E. 10 at p.15-16]. For the BLUE BANK debt, HANE states "Loan re JorgeHane Laboratories Colombia SAS" [D.E. 10 at p.16]. For the Citibank debt, HANE states "CitiBusiness Credit Card re JorgeHane Laboratories Colombia SAS" [D.E. 10 at 17]. And finally for the debt to the Colombian company itself, HANE claims it is an "[a]lleged debt to company" [D.E. 10 at p.18].

d.      JorgeHane Laboratories, S.A., a company in Argentina, incorporated on August 7, 2009, with its principal office at 770 Montevideo, 5th Floor, Buenos Aires, Argentina. **This company is _not_ disclosed in HANE's Schedules [See D.E. 10, Item 19].** This company is disclosed in 2014 U.S. Tax Returns as the *only* foreign subsidiary of JorgeHane Laboratories Corp.; the Florida company stated that it owned 100% of the voting stock in the Argentinean company. Upon information and belief, HANE's Argentinean company owns HANE's active Argentinean website (www.jorgehane.com.ar), which as of November 10, 2017 is marketing and selling HANE's weight loss and insole products online to U.S. residents.

*//*

4

     e.     JorgeHane Laboratories de Centroamerica S. de R.L., a limited liability partnership in Panama, organized on October 5, 2011 with its address at 131 Bal Cross Drive, Bal Harbour, FL 33154 (HANE's residence). **This company is <u>not</u> disclosed in HANE's Schedules [See D.E. 10, Item 19].** This company is listed as 90% owned by HANE (HANE's wife owns the other 10%) in his 2013 U.S. Individual Tax Returns, and it allegedly shut down in 2013, but no other information has been disclosed by HANE.

     f.     Because It Works LLC, an active Florida limited liability company incorporated on July 1, 2016 (shortly before HANE's Chapter 7 bankruptcy filing), with a principal address on Sunbiz.com at 131 Bal Cross Drive, Bal Harbour, FL 33154 (HANE's residence). Its March 16, 2017 annual report on Sunbiz is signed by Florencia Hane (HANE's wife), and HANE disclosed that he transferred a *patent of allegedly zero value* about therapeutic insoles to his wife in July 2016 shortly before filing the Chapter 7 Petition. The actual patent assignment document – produced in this case -- shows Patent D676637 was transferred from HANE to Because It Works LLC. **This company is <u>not</u> disclosed in HANE's Schedules [See D.E. 10, Item 19], and PLAINTIFFS, upon information and belief, allege that HANE has a financial interest in this company.** This new company has a fictitious name filing in Florida as "Redu-Pain" – similar to HANE's well-known trademark "Redu Fat Fast" and registered shortly before HANE filed bankruptcy– and sells HANE's weight loss products and insoles online. The Redu-Pain online advertising has used HANE's name, personal history, interview and image, but refers to him "George Hane." The online video – taken down after the adversary complaint was filed– stated: "This is George Hane…They are the inventors of a unique insole that is so effective in helping to relieve pain that it is revolutionizing the entire industry." (https://www.redupain.com, accessed April 1,

2017). The video also claims the insoles that they are the result of "three years of development" and "working with pain doctors and Swiss engineers." Additionally, the website YoLoQuiero.com – taken down after the adversary complaint was filed -- also marketed and sold HANE's "Reduce Fat Fast" product; when clicking on the "Adquirir Ahora" (Buy Now) order button for weight loss products, it required the purchaser to submit credit card information to Because It Works LLC, dba Redu-Pain. (http://yoloquiero.com, accessed April 1, 2017).) [3]

       g.    Reduce Fat-Fast.com LLC, an active Florida limited liability company incorporated on March 23, 2016, with a principal address on Sunbiz.com at 131 Bal Cross Drive, Bal Harbour, FL 33154 (HANE's residence). The name of this recently formed company is the same as the star product sold by JorgeHane Laboratories Corp. and its business address is the same as JorgeHane Laboratories Corp. Its manager is Florencia Hane (HANE's wife), and HANE disclosed that he transferred a *patent of allegedly zero value* to his wife in July 2016 shortly before filing the Chapter 7 Petition. **This company is <u>not</u> disclosed in HANE's Schedules [See D.E. 10, Item 19], and PLAINTIFFS, upon information and belief, allege that HANE has a financial interest in this company.** On June 20, 2016, this company also transferred $2,000.00 into HANE's checking account according to Citibank records produced by HANE; therefore the company itself must have an undisclosed bank account and it is sending money to HANE's personal checking account.

8.    PLAINTIFFS are creditors of HANE.

//

---

[3] Both websites (active when the adversary complaint was filed) have since been taken down, but the same products are for sale on November 10, 2017 on both amazon.com and jorgehane.com.ar. HANE is demonstrably adept at selling his products via different websites, media and distribution channels.

9.      BLUE BANK is an offshore financial institution based in Curaçao. It is a creditor of

HANE by virtue of the following facts:

a.      On or about November 4, 2015, BLUE BANK lent $300,000.00 to

**JorgeHane Laboratories Corp**., the still active Florida company controlled

by HANE, for working capital purposes (the "BLUE BANK LOAN").

b.      HANE executed a personal guarantee under Curaçao law (Contract of

Suretyship, *Akte von Borgtocht*) to secure the payment by JorgeHane

Laboratories Corp. of the BLUE BANK LOAN.

c.      BLUE BANK lent the $300,000.00 to JorgeHane Laboratories Corp. based on

its reasonable reliance on the false representations, omissions of material fact

and statements made under false pretenses specifically described herein, by

HANE and his signed personal guarantee of the BLUE BANK LOAN.

d.      The BLUE BANK LOAN was reduced to writing and signed by HANE. It

required monthly payments and 10% interest payable beginning on November

30, 2015. The debt was to be acceralated upon default.

e.      JorgeHane Laboratories Corp. made interest-only payments from November

2015 through April 2016, until defaulting on the BLUE BANK LOAN in

May 2016. Therefore, under the acceleration clause, the total amount of

principal and interest is due.

f.      As of the Petition Date of November 30, 2016, as the guarantor, HANE owed

BLUE BANK $307,810.15.

g.      On January 29, 2016, only two months after HANE had received $300,000

from BLUE BANK, the Colombian government went public with a false

7

advertising finding against HANE's Colombian company, seized any of HANE's products and prohibited further sales of HANE's projects. This was the result of a long investigation, which HANE had known about but failed to disclose to BLUE BANK.

10.    COLTE is a Colombian financial institution created in 1980 and headquartered at Calle 52 # 47 – 42, Piso 11 in Medellin, Colombia, with retail branches located throughout country. It is a creditor of HANE by virtue of the following facts:

a.    On December 29, 2015, COLTE lent 3,479,817,454 Colombian Pesos ("COP") (over US$1.2 million at the current exchange rate of 2869 COP/USD) to JorgeHane Laboratories Colombia, S.A.S., the Colombian company controlled by HANE, to restructure prior debt obligations (the "COLTE LOANS").

b.    HANE signed a personal guarantee of the COLTE LOANS.

c.    The COLTE LOANS were reduced to writing and signed by HANE, as evidenced by Promissory Note No. 10128411 (3,338,584,300 COP) and Promissory Note No. 101284410 (141,233,154 COP). The COLTE LOANS required equal monthly payments with interest (9.5% plus the Colombian "DTE" prime rate) payable beginning on January 23, 2017 and ending on June 23, 2017. No payment was ever made on the COLTE LOANS.

d.    COLTE lent the 3,479,817,454 COP (over US$1.2 million) to JorgeHane Laboratories Colombia, S.A.S. based on its reasonable reliance on the false representations, omissions of material fact and statements made under false pretenses specifically described herein, by HANE and his signed personal

guarantee of the COLTE LOANS.

e.      As of the Petition Date of November 30, 2016, as the guarantor, HANE owed

COLTE 3,479,817,454 COP (over US$1.2 million).

f.      On January 29, 2016, only one month after HANE had received $1.2 million

from COLTE, the Colombian government went public with a false advertising

finding against HANE's Colombian company, seized any of HANE's

products and prohibited further sales of HANE's projects. This was the result

of a long investigation, which HANE had known about but failed to disclose

to COLTE.

11.     On January 31, 2017, the Trustee filed and served a Notice of Taking Rule 2004

Examination Duces Tecum of Jorge Hane on February 17, 2017 [D.E. 27].

12.     On March 10, 2017, PLAINTIFFS filed and served a Cross-Notice of Taking Rule

2004 Examination Duces Tecum of Jorge Hane on March 28, 2017, which expressly incorporated

the same document requests at the Trustee's Rule 2004 Notice [D.E. 38].

13.     Both the Trustee's Notice and PLAINTIFFS' Cross-Notice demanded documents and

information regarding HANE's businesses, assets and activities both inside, **and outside the United**

**States, from November 30, 2012** (four years prior to the Petition date) through the date of

production. Among other things, Exhibit A to the Trustee's Notice, incorporated by PLAINTIFFS'

Cross-Notice, demands production of:

29. All statements from savings accounts, credit union accounts, certificates of deposit,
treasury notes, stocks and bonds, etc., or other passbooks of Yours, including those held by
You in Your name or in Your name jointly with any person or entity, or in Your name as
trustee for any other person (regardless of whether or not the account or accounts have been
closed), including any such accounts in Your name as custodian for any minor under the
Uniform Gift to Minors Act or otherwise, and showing any and all savings deposits of every

kind and nature, whether in the United States of America or abroad. **[no non-U.S. documents produced; no corporate accounts produced]**

30. All statements from checking and/or money market accounts in Your name individually, with another, as trustee or guardian, or in which You may have an interest, including checkbooks, check stubs or check registers, deposit slips, monthly statements, and cancelled checks (regardless of whether or not the account or accounts have been closed), upon which You or any other party were an authorized signatory in any institution whether in the United States of America or abroad. **[no non-U.S. documents produced, no corporate accounts produced]**

32. All records indicating all interest of any kind held by You in any and all corporations (foreign or domestic) or any other entities not evidenced by certificates or other instruments. **[no non-U.S. documents produced, only produced info on JorgeHane Laboratories Corp.]**

33. Copies of all corporate records (articles or organization, by-laws, and minute books) for every corporation in which You have a legal or equitable ownership interest. **[no non-U.S. documents produced, only produced info on JorgeHane Laboratories Corp.]**

35. Copies of all loan applications and statements of loan accounts for all loans applied for by You, whether or not taken or approved. **[no documents produced]**

36. Copies of any and all personal financial statements prepared by an accountant or any other person for You or for any business in which You have or had an interest. **[no documents produced]**

38. All credit cards and charge accounts held by You, and all statements and receipts received by You in connection with the use of such credit cards and charge accounts, together with a list of all businesses where You are authorized to charge purchases to the account of another person or entity. **[no documents produced]**

39. Copies of all financial statements or records containing financial information of any nature which have been submitted by You to banks or lending institutions or to any person or entities in connection with Your application for credit or loans. **[no non-U.S. documents produced, no corporate accounts produced]**

42. All records pertaining to any account or accounts of every kind and nature whatsoever in which You have deposited or withdrawn funds or incurred debits or credits, including certificates of deposit. **[no documents produced]**

14. Despite the clear scope of these categories, ***HANE did not provide non-U.S.***

***documents or other required information*** in his responses to the Rule 2004 Examination. While

some foreign assets and accounts are identified in HANE's 2013-2015 U.S. Individual Tax Returns, this only shows the shocking failure to produce statements or records about those foreign companies or assets in the Initial Schedules or in response to the Rule 2004 Examination. As way of example only:

    a.      In response to Nos. 32 and 33 for the 2012-2017 period ("all corporate records… for every corporation in which YOU have a legal or equitable ownership interest"), HANE only produced the Sunbiz information for JorgeHane Laboratories Corp. Absolutely no mention is made of the other companies PLAINTIFFS have discovered (Florida companies, Colombian company, Argentinian company, Panama company) or whatever other businesses HANE also might have had in the past four years.

    b.      In response to Nos. 29, 30, 38 and 42 (bank account records) and No. 39 (financial statements), HANE provides no information for the multiple companies in which he has had an interest since 2012. He also does not provide statements for the multiple foreign accounts HANE admitted to having in his 2013-2015 U.S. Individual Tax Returns (Argentina, Colombia, Panama and Spain).

15.     PLAINTIFFS, as non-U.S. financial institutions have knowledge that HANE has had significant business interests and assets outside the United States in the four (4) years prior to the November 30, 2016 filing of the Chapter 7 Petition, and a good faith belief that HANE continues to control assets outside the United States that are not disclosed in the Chapter 7 Petition.

## COUNT I -- NON-DISCHARGEABILITY OF LOANS UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

16.     PLAINTIFFS repeat and re-allege the allegations set forth in paragraphs 1 through 15 of this Complaint as if set forth at length herein.

17.     Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

18.     "The concept of false pretenses is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner. False pretenses may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak, and may consist of any acts, work, symbol, or token calculated and intended to deceive. . . . It is a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully induced by a debtor to transfer property or extend credit to the debtor. . . . Silence or concealment as to a material fact can constitute false pretenses." *In re Wood*, 245 F. App'x at 918 (11th Cir. 2007) (*quoting In re Gilmore*, 221 B.R. 864, 872 (Bankr. N.D. Ala. 1998)).

19.     All or part of the debt owed to BLUE BANK is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

20.     All or part of the debt owed to COLTE is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

//

12

21.     As alleged herein, from August to December 2015, HANE engaged in actual fraud by way of making knowing and intentional concealments of material and important facts to PLAINTIFFS, such that there was an ongoing prosecution by Colombian authorities of HANE's businesses for false advertising and consumer fraud, that could (and actually did) lead to the seizure of all his products, a regulatory fine and liquidation of his Colombian business (the core of HANE's worldwide operations).

22.     HANE, also with intent to deceive PLAINTIFFS, intentionally over-represented and misrepresented the projected cash flow and sales figures, constituting written affirmative misrepresentations of a material fact.

23.     As a non-exhaustive list, HANE made these specific misrepresentations and material omissions in writing:

-     On August 10, 2015, HANE sent an email to Jorge Acosta, President of COLTE, stating that he needed money from COLTE in order to increase advertising on CARACOL (Colombian television), which would increase sales of HANE's products. There was no mention of the Colombian government prosecution, even though it had been underway (upon information and belief) since May 2012.

-     On October 29, 2015, HANE sent an email to BLUE BANK, in connection with his application for a $300,000 loan. Among other things, the email falsely stated that HANE's "full line of weight loss products" and dietary supplements are sold in "approximately 45,000 drugstores in 9 countries in Latin America" and "Reduce Fat-Fast and Jorge Hané himself are brands very well branded in practically all of South America, and some countries in the Caribbean, Europe, Asia and South Africa." There was no mention of the Colombian government prosecution (pending since 2012) that would lead the company to be assessed a fine and seek bankruptcy protection a few

13

months later. He also falsely and affirmatively stated in the same communication that his product Reduce Fat-Fast "has helped millions of people around the world achieve their desired weight loss" and omitted the material fact that he was falsely advertising his products.

-        On or about November 4, 2015, HANE provided further written information to BLUE BANK falsely stating that HANE (the sole owner and director of his U.S. company JorgeHane Laboratories Corp) distributed his products at over 30,000 points of sale (mostly pharmacies), had a laboratory in Buenos Aires and that his company was then operating in at least eleven countries. This was further confirmed by HANE's misleading email signature that included this website and a list of various Latin American countries under his name. HANE further stated that his U.S. company had assets exceeding $2.5 million at the end of both 2013 and 2014, implying that it had sufficient collateral for the $300,000 loan. There was no mention of the Colombian government prosecution, even though it had been underway since May 2012.

-        At all relevant times between August and December 2015, when PLAINTIFFS checked HANE's online presence before approving the loans, HANE also made these or similar written representations on his websites "reducefatfast.com," "jorgehanelaboratories.com" and "jorgehane.com," particularly that HANE himself possessed a distribution network for the company's products of more than 100,000 pharmacies in Argentina, Colombia, Costa Rica, El Salvador, Honduras and Guatemala; and that JorgeHane Laboratories Corp. in the United States was its supplier. These websites were full of false advertising claims, as later established by the Colombian government. HANE failed to disclose this material information to PLAINTIFFS, even thought HANE knew that he was falsely advertising his products, that the Colombian government began its false advertising case in 2012, and that the Colombian government was about to assess a fine, seize HANE's products and send HANE's Colombian company into dissolution.

14

-        On December 21, 2015, HANE sent a series of emails to Jaime Castillo at COLTE attaching projected cash flow statements for 2016 through 2020, sales projections and a detailed misrepresentation that $1 million of the requested loan from COLTE would allow "immediate implementation of all the pending plans we had (three new products, starting in-store sales channel, starting modern distribution channel, use of natural product stores), resulting in a significant profit already in the first year."[4] The email shows various variables, including tax rates and bank interests, but there is absolutely no reference to the pending Colombian government prosecution, a material omission that HANE knew of but concealed from COLTE (upon information and belief) since May 2012. It also fails to disclose that HANE was falsely advertising his products.

24.        The true facts were readily known and accessible to HANE, and were not known or would not be known with reasonable diligence on the part of PLAINTIFFS.

25.        HANE knew that the representations and omissions were materially false or misleading, or at the very least, HANE had no reasonable ground for believing the statements and disclosures to be true or permitted under the circumstances, or knew or should have known of the falsity and deceptiveness of the statements, representations, conduct and omissions.

26.        HANE acted with the intent to deceive and defraud PLAINTIFFS, and to obtain and/or withhold money and property from PLAINTIFFS by false pretenses, false representations and/or actual fraud.

27.        HANE made these misrepresentations and omissions with the intent that PLAINTIFFS rely to their detriment on the same.

        //

---

[4] Original Spanish: "*poner en práctica inmediatemente todos los planos pendientes que teníamos (tres productos nuevos, aperture de canal T a T, apertura de canal modern, explotación adecuada de tiendas naturistas), llegando a un superávit relevante ya en el primer año.*"

28.    PLAINTIFFS in fact justifiably and reasonably relied on HANE's misrepresentations and omissions. Had PLAINTIFFS known the true facts, PLAINTIFFS would have required additional collateral or refused to loan the money to HANE and his companies.

29.    On January 29, 2016, only one month after HANE received $1.2 million from COLTE and two months after HANE had received $300,000 from BLUE BANK, HANE's Colombian company filed for bankruptcy under Colombian Law No. 1116 of 2000.

30.    On February 3, 2016, only a few days after HANE sought bankruptcy protection for his Colombian company (indicating HANE knew of the impending fine prior to obtaining the loans and seeking bankruptcy protection), the Colombian government went public with its false advertising finding against HANE's Colombian company, seized any of HANE's products and prohibited further sales of HANE's projects.[5] This was the result of a long investigation (beginning in March 2012), which HANE had known about at the time of the November and December 2015 loans from PLAINTIFFS but failed to disclose to PLAINTIFFS.

31.    As a direct and proximate cause of the fraud, COLTE has sustained, and continues to sustain, damages, including but not limited to monetary damages in an amount no less than $1.2 million, plus pre-judgment interest and attorneys' fees and costs.

32.    As a direct and proximate cause of the fraud, BLUE BANK has sustained, and continues to sustain, damages, including but not limited to monetary damages in an amount no less than $300,000, plus pre-judgment interest and attorneys' fees and costs.

33.    PLAINTIFFS are informed and believe and thereon allege that the acts of HANE alleged above were willful, wanton, malicious, and oppressive, and undertaken with an intent to

---

[5] Resolution No. 2708 of 2016. See February 3, 2016 Colombian government press release at (http://www.sic.gov.co/noticias/por-publicidad-enganosa-de-su-producto-REDU-FAT-FAST-superindustria-ratifica-sanciones-a-JORGE-HANE-LABORATORIES-COLOMBIA) (in Spanish).

oppress, vex and annoy PLAINTIFFS by intentionally underreporting and withholding funds owed to PLAINTIFFS under the loan agreements, and therefore justify an award of exemplary and punitive damages against HANE and in favor of PLAINTIFFS, all in an amount to be proven at trial.

34.    Accordingly, based upon the facts herein alleged, the debt owed by HANE to PLAINTIFFS is nondischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A).

### COUNT II -- OBJECTION TO DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

35.    PLAINTIFFS repeat and re-allege the allegations set forth in paragraphs 1 through 15 of this Complaint as if set forth at length herein.

36.    Bankruptcy Code § § 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless ...

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

37.    HANE, in his operation of his various businesses around the world, including but not limited to JorgeHane Laboratories Corp. and JorgeHane Laboratories, S.A.S., operated these businesses as his alter egos, seeking to shield himself from personal liability while at the same time using funds of these businesses for personal purposes.

38.    HANE, in his operation of his various businesses, including but not limited to JorgeHane Laboratories Corp. and JorgeHane Laboratories, S.A.S., concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which HANE's financial condition or business transactions might be ascertained.

39.     For example, in response to the Trustee's Notice of Examination, and PLAINTIFFS'

Cross-Notice of Examination that expressly demanded production of non-U.S. documents, HANE

concealed or refused to produce documents regarding non-U.S. businesses and assets. HANE did

not produce information regarding bank accounts or companies outside the United States. Yet, in the

2013, 2014 and 2015 Individual Tax Returns that HANE did produce, it states that he was required

to file FinCEN Form 114 (Report of Foreign Bank and Financial Accounts) because he has an

interest in or signatory authority over accounts in *Argentina, Colombia, Panama and Spain*; he also

claimed a tax credit for taxes paid in Argentina and Colombia. Nothing has been produced or

explained about these foreign accounts or assets, despite the explicit requests in the Notice of

Examination for bank statements.

40.     By virtue of the foregoing, HANE's discharge should be denied under Bankruptcy

Code § 727(a)(3).

### COUNT III -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

41.     PLAINTIFFS repeat and re-allege the allegations set forth in paragraphs 1-15  and

35-41 of this Complaint as if set forth at length herein.

42.     Bankruptcy Code § 727(a)(4)(A) provides that:

(a) The court shall grant the debtor a discharge, unless ---
(4) the debtor knowingly and fraudulently, in or in connection with the case --
(A) made a false oath or account

43.     HANE knowingly and fraudulently, in or in connection with the case, made a false

oath or account, in that he represented in the Schedules, Statement of Financial Affairs attached to

his Petition and in the Section 341(a) meeting:

a.     That HANE only had interest in one company in the entire world (JorgeHane

18

Laboratories Corp.), and failed to disclose the myriad other business entities in the United States and Latin America in which he has an interest;

b.      That the patent he transferred to his wife Florencia Hane in July 2016 –four months before filing the Chapter 7 Petition – had zero value. The actual Patent Assignment is not to Ms. Hane, but to a new company – Because It Works LLC – based at HANE's residence. HANE and his wife now aggressively market those patented goods under the guise of this newly formed company;

c.      That HANE was the sole creditor for the BLUE BANK LOAN, when he was actually the guarantor for the corporate borrower.

44.      HANE knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Schedules, Statement of Financial Affairs attached to his Petition and in the Section 341(a) meeting to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self- employed in a trade, profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

45.      HANE knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he responded to the Trustee's Notice of Examination, and PLAINTIFFS' Cross-Notice of Examination, with documents that exclude HANE's non-U.S. business interests, companies or assets from November 30, 2012 to the date of production.

46.      By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

19

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFFS respectfully request that this Court enter a Judgment determining that the BLUE BANK LOAN and the COLTE LOAN are non-dischargeable under Bankruptcy Code § 523(a)(2)(A), or, in the alternative, denying the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A), and granting PLAINTIFFS such other and further relief as this Court may deem just and proper.

Dated: November 15, 2017                    Respectfully submitted,

<u>/s/ *Brian J. Recor*</u>
Brian J. Recor, Esq.
Florida Bar No. 118392
RECOR RIEBER, P.A.
*Attorney for Plaintiffs-Creditors*
*Blue Bank International, N.V., and*
*Coltefinanciera S.A.*
701 Brickell Avenue, Suite 2280
Miami, Florida 33131
Phone: (305) 988-8002
email: brian@recorrieber.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

CM/ECF on November 15, 2017, on the parties listed below.


By: */s/ Brian J. Recor*
Brian J. Recor, Esq.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.


**17-01234-LMI Notice will be electronically mailed to:**

Michael S Hoffman on behalf of Defendant Jorge Hane
Mshoffman@hlalaw.com,
hlaecf@gmail.com;kszolis@hlalaw.com;agarcia@hlalaw.com;mshoffman@ecf.courtdrive.com