UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                              Case No. 16-25954- LMI
                                              Chapter 7

JORGE HANE,

        Debtor.        /

COLTEFINANCIERA, S.A. and                               Adv. Pro. No. 17-01234-LMI
BLUE BANK INTERNATIONAL, N.V.,

        Plaintiff,

v.

JORGE HANE,

        Defendant.        /

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jorge Hane ("Defendant") files this Answer and Affirmative Defenses and states as follows:

## ANSWER TO NUMBERED ALLEGATIONS

**Paragraph 1.** Admit.

**Paragraph 2.** Admit.

**Paragraph 3.** Admit.

**Paragraph 4.** Admit.

**Paragraph 5.** Admit.

**Paragraph 6.** Admit that Defendant has owned and controlled entities relating to health and wellness supplements and products. Deny any implication that Defendant made any misrepresentations concerning same.

**Paragraph 7.** Admit that the Defendant resides in Bal Harbour, Florida, has in the past lived in Columbia and has owned various businesses in his professional life. Defendant further states as follows:

a. Admit that Defendant was the initial manager of JorgeHane Holdings, LLC in 2011 and that the company was not scheduled. Deny that he had any ownership interest in the entity on the Petition Date or that such entity ever operated or accumulated assets. Deny any implication that Defendant made any misrepresentations in connection with this entity.

b. Admit that Defendant had an interest in JorgeHane Laboratories Corp. and that such company had no value on the Petition Date. Without knowledge as to the remaining allegations. Deny any implication that Defendant made any misrepresentations in connection with this entity.

c. Admit that JorgeHane Laboratories Colombia, S.A. was a Colombian entity and that such entity was accurately described in the Defendant's bankruptcy schedules. Deny any implication that Defendant made any misrepresentations in connection with this entity.

d. Admit that JorgeHane S.A. was an Argentinean entity at one point affiliated with Defendant's line of business products. Deny any implication that Defendant made any misrepresentations in connection with this entity.

e. Admit that JorgeHane Laboratories de Centroamerica S. de. R.L. was a Panama entity at one point affiliated with Defendant's line of business products. Deny any implication that Defendant made any misrepresentations in connection with this entity.

    f.    Admit that Because it Works, LLC was a Florida entity owned by the Defendant's wife. Deny any implication that Defendant made any misrepresentations in connection with this entity.

    g.    Admit that Reduce-Fat-Fast.co LLC was a Florida entity owned by the Defendant's wife. Deny any implication that Defendant made any misrepresentations in connection with this entity.

**Paragraph 8.** Admit.

**Paragraph 9.** Defendant states as follows:

    a.  Without information to admit or deny.

    b.  Without information to admit or deny.

    c.  Deny.

    d.  Without information to admit or deny.

    e.  Without information to admit or deny.

    f.  Without information to admit or deny.

    g.  Deny.

**Paragraph 10.** Defendant states as follows:

    a.  Deny.

    b.  Without information to admit or deny.

    c.  Without information to admit or deny.

    d.  Deny.

    e.  Without information to admit or deny.

    f.  Deny.

**Paragraph 11.** Admit.

**Paragraph 12.** Admit.

**Paragraph 13.** Admit as to the description of the requests. Deny as to the description of the responses.

**Paragraph 14.** Deny.

**Paragraph 15.** Admit that Defendant had business interests outside of the United States. Deny that Defendant did not produce all requested documents.

**Paragraph 16.** As above.

**Paragraph 17.** Admit.

**Paragraph 18.** This is a statement of law which Defendant neither admits nor denies.

**Paragraph 19.** Deny.

**Paragraph 20.** Deny.

**Paragraph 21.** Deny.

**Paragraph 22.** Deny.

**Paragraph 23.** Deny.

**Paragraph 24.** Deny.

**Paragraph 25.** Deny.

**Paragraph 26.** Deny.

**Paragraph 27.** Deny.

**Paragraph 28.** Deny.

**Paragraph 29.** Without knowledge to admit or deny.

**Paragraph 30.** Deny.

**Paragraph 31.** Deny.

**Paragraph 32.** Deny.

**Paragraph 33.** Deny.

**Paragraph 34.** Deny.

**Paragraph 35.** As above.

**Paragraph 36.** Admit.

**Paragraph 37.** Deny.

**Paragraph 38.** Deny.

**Paragraph 39.**  Deny.

**Paragraph 40.**  Deny.

**Paragraph 41.**  As above.

**Paragraph 42.**  Admit.

**Paragraph 43.**  Deny.

**Paragraph 44.**  Deny

**Paragraph 45.**  Deny.

**Paragraph 46.**  Deny.

### First Affirmative Defense

Plaintiffs have failed to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Any errors or omissions in Defendant's schedules or filings were unintentional and lacked fraudulent intent.

### Third Affirmative Defense

Plaintiffs' claims under 11 U.S.C. §727 are barred by the doctrine of collateral estoppel. By way of example and without limitation, it has already been judicially determined that the Defendant produced sufficient documentation and made sufficient disclosure in this bankruptcy case.

### Fourth Affirmative Defense

Plaintiffs' claims under 11 U.S.C. §727 are barred by the doctrine of law of the case. By way of example and without limitation, it has already been judicially determined that the Defendant produced sufficient documentation and made sufficient disclosure in this bankruptcy case.

### Fifth Affirmative Defense

Plaintiffs' claims under 11 U.S.C. §727 are barred by the doctrine of waiver. By way of example and without limitation, Plaintiffs failure to object to the Defendant's settlement with the Trustee constitutes a waiver of its rights to object to the Debtor's discharge.

### Sixth Affirmative Defense

Any failure by the Defendant to preserve recorded documentation was justified under the circumstances of the case. By way of example and without limitation, the Debtor's inability to produce documents relating to South American entities, if any, was the result of his inability to obtain such documents.

### Seventh Affirmative Defense

Plaintiffs' claims under 11 U.S.C. §727 are barred by the doctrine of waiver. By way of example and without limitation, Plaintiffs failure to file a motion to compel production or to otherwise request relief from the Court constitutes a waiver of its rights to object to discharge concerning same.

### Reservation of Rights

Defendant reserves the right to amend or supplement his affirmative defenses upon completion of discovery.

### Attorney's Local Rule 2090-1(A) Certification

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> HOFFMAN, LARIN & AGNETTI., P.A.
> Counsel for Defendant
> 909 North Miami Beach Blvd., Suite 201
> North Miami, FL 33162
> Tel: (305) 653-5555
> Fax: (305) 940-0090
> Email: mshoffman@hlalaw.com
>
> /s/ Michael S. Hoffman
> Michael S. Hoffman
> Florida Bar No.: 41164

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF to Brian J. Recor, Esq. on December 6, 2017.

<u>/s/ Michael S. Hoffman</u>
Michael S. Hoffman