*TAGGED OPINION*



**ORDERED in the Southern District of Florida on December 27, 2018.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re:

JORGE HANE,

        Debtor.       /

COLTEFINANCIERA, S.A. and
BLUE BANK INTERNATIONAL, N.V.,

        Plaintiff,

v.

JORGE HANE,

        Defendant.      /

Case No. 16-25954- LMI
Chapter 7

Adv. Pro. No. 17-01234-LMI

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

    This matter came on for hearing before the Court on September 17, 2018 on Defendant

Jorge Hane's (the "Defendant") *Motion for Partial Summary Judgment* (ECF #54) (the "Summary

*TAGGED OPINION*

Judgment Motion") as to Count I of the *Amended Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code* (ECF #32) (the "Amended Complaint"). The Court has considered the Summary Judgment Motion, Blue Bank International, N.V.'s ("Blue Bank") *Response To Defendant's Motion For Partial Summary Judgment Re: Count I Of Adversary Complaint* (ECF #61) (the "Blue Bank Response"), the Defendant's *Reply To Blue Bank's Response To Motion For Partial Summary Judgment* (ECF #64) (the "Hane Reply"), and the arguments of counsel. Based on the foregoing, there are no disputed material facts and as a matter of law the Defendant is entitled to summary judgment on Count I of the Amended Complaint.

## I.   UNDISPUTED FACTS[1]

1. The Defendant commenced his underlying bankruptcy case (Case No. 16-25954-BKC-LMI) (the "Main Bankruptcy Case") by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 4, 2016 (the "Petition Date").[2]

2. Prior to the Petition Date, the Defendant was the owner of JorgeHane Laboratories Corp. ("JorgeHane Laboratories"), a Florida corporation. JorgeHane Laboratories in turn owned a Colombian subsidiary, Jorge Hane Laboratories S.A.S. (the "Colombian Company"), which sold weight loss products and health supplements.[3]

3. On November 4, 2015, JorgeHane Laboratories took out a $300,000.00 business loan (the "Loan") from Blue Bank, which the Defendant personally guaranteed.[4]

4. Blue Bank made the Loan for working capital.[5] However, Blue Bank later discovered that the Defendant used some of the Loan proceeds for personal use, transferred some funds to his

---

[1] These facts are included in the Amended Complaint, Summary Judgment Motion, the Blue Bank Response, the Hane Reply, and the attachments thereto and were not disputed in any responsive pleading; thus the Court considers these facts undisputed. Where a fact is disputed, it is noted.
[2] Amended Complaint, ¶1.
[3] Affidavit of Jorge Hane (ECF 54-1) (the "Hane Affidavit"), ¶4-5.
[4] *Id*. at ¶6.
[5] The Commitment Letter (ECF #61-10) (the "Commitment Letter"), p. 1.

*TAGGED OPINION*

wife, and transferred some to the Colombian Company.[6] JorgeHane Laboratories ultimately defaulted on the Loan in May of 2016.[7]

5. Blue Bank filed this adversary proceeding on June 9, 2017.

6. Count I of the Amended Complaint objects to the dischargeability of the Defendant's personal guaranty of the Loan pursuant to 11 U.S.C. §523(a)(2)(A).[8]

7. On January 9, 2018, the Defendant served his First Set of Interrogatories upon Blue Bank (the "Interrogatories"). Interrogatory No. 5 requested that Blue Bank: "[p]lease identify each and every false statement (written or otherwise) which [the Defendant] made to Blue Bank concerning the Blue Bank Loans and include therein, each and the date, type of communication and the parties to such communication."[9]

8. On January 26, 2018, Blue Bank served a response to the Interrogatories (the "Interrogatory Response"), and, with respect to Interrogatory No. 5, identified three alleged false representations: (a) an email from the Defendant to Blue Bank shareholder Nelson Mezerhane dated October 29, 2015 containing information about the Defendant's businesses; (b) two emails from the Defendant to Blue Bank dated November 4, 2015 which referenced the countries in which the Defendant's businesses operated; and (c) various internet postings about the Defendant which Blue Bank found through online research.[10] According to Blue Bank, these representations both overstated the profitability of the Defendant and Jorge Hane Laboratories, as well as failed to disclose a pending investigation by the Colombian government of the Colombian Company owned by JorgeHane Laboratories.[11]

9. Additionally, though not disclosed in either the Amended Complaint or in the Interrogatory Response, the Blue Bank Response cited to the Commitment Letter executed by the

---

[6] Deposition of Jorge Hane, p 90, lines 10-22 (ECF #61-3).
[7] Amended Complaint, ¶9e.
[8] *Id.* at ¶19.
[9] Interrogatories, p.4 (ECF #54-5).
[10] Interrogatory Response, p. 7-8 (ECF #54-6).
[11] *Id.*

3

*TAGGED OPINION*

Defendant on November 4, 2015.[12] Blue Bank alleged in the Blue Bank Response that the Commitment Letter contained misrepresentations and withheld information related to JorgeHane Laboratories and the Colombian government's investigation of the Colombian Company.[13]

10. In the Blue Bank Response, Blue Bank asserted a more generalized claim that the Defendant "created an image of a successful multinational company by false pretenses and failure to disclose critical, material facts."[14] Blue Bank pointed to the Defendant's membership at the Fisher Island Club, where the Defendant showed off expensive sports cars (including a McLaren) and yachts (including a 72-foot Sunseeker), and statements by the Defendant to Mr. Mezerhane, a Blue Bank shareholder and former friend of the Defendant, that the Defendant's weight loss and nutritional supplement business was very successful.[15]

11. The Affidavit[16] of Blue Bank's corporate representative, Carlos Caridad Zambrano, (the "Zambrano Affidavit"), attached to the Blue Bank Response, asserts that Blue Bank's claim should be non-dischargeable under section 523(a)(2)(A) because "in sum…the [Defendant] made misleading representations about himself and his companies in order to obtain a $300,000 loan from Blue Bank."[17]

12. On July 6, 2018, the Defendant filed the Summary Judgment Motion, seeking entry of summary judgment on Count I of the Amended Complaint. The Summary Judgment Motion argues, in relevant part, that the Defendant's alleged misrepresentations were "concerning the debtor or an insider's financial condition" and accordingly, cannot be maintained under section 523(a)(2)(A).[18]

---

[12] Blue Bank Response, p. 3.
[13] *Id.*
[14] *Id.* at pp. 10-11.
[15] *Id.* at ¶4.
[16] Affidavit of Carlos Caridad Zambrano (ECF #19-2).
[17] *Id.* at ¶4.
[18] The Defendant raised additional arguments in support of the Summary Judgment Motion. However, for the reasons set forth below, the Court need not reach these arguments to grant partial summary judgment.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

A court should enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c) (made applicable to this proceeding by Fed. R. Bankr. P. 7056). A party moving for summary judgment bears the initial burden of showing that there are no genuine issues of material fact that should be decided at trial. When that burden has been met, the burden shifts to the non-moving party to demonstrate the existence of a material issue of fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

### B. Section 523(a)(2)(A) Does Not Apply to Misrepresentations of Financial Condition.

The Bankruptcy Code sets out different elements necessary to prove the non-dischargeability of debts incurred through false statements respecting a debtor or insider's financial condition as opposed to debts incurred through other forms of false pretenses or false representations. Debts incurred through false statements respecting a debtor or insider's financial condition are governed by section 523(a)(2)(B) and are only non-dischargeable if, among other things, the false representations are in writing. *See Appling v. Lamar, Archer & Cofrin, LLP (In re Appling)*, 848 F.3d 953, 956 (11th Cir. 2017). Debts incurred due to false representations, etc., other than those regarding a debtor or insider's financial condition are governed by section 523(a)(2)(A)[19] and are non-dischargeable in any form, oral or written. *Id*.

---

[19] 11 U.S.C. §523(a)(2) provides in relevant part as follows:
(a)  A discharge does not discharge an individual debtor from any debt--
   (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
     (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

5

*TAGGED OPINION*

In *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018), the United States Supreme Court stated that "a statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." *Appling,* 138 S. Ct. at 1761, and that even a single statement regarding an asset is a statement respecting a debtor's financial condition.[20] Prior to the *Appling* decision, circuit courts were split on whether a single misrepresentation regarding a single asset was a representation "respecting the debtor's . . . financial condition," or whether there had to be multiple misrepresentations with respect to a debtor's overall financial condition in order to trigger the requirements of a writing to successfully avoid discharge of a particular debt.

        **C.**        **The Defendant's Alleged Misrepresentations Relate to his Overall Financial Condition**

The present matter is essentially the flip-side of *Appling*. Blue Bank has presented its claim only under section 523(a)(2)(A).[21] Blue Bank argues that the false statements, misrepresentations and non-disclosures can be viewed collectively as a scheme or false pretenses, and arising from a scheme or false pretenses, and that Blue Bank's claims are, consequently, appropriately brought

---

    (B)  use of a statement in writing--
        (i)  that is materially false;
        (ii)  respecting the debtor's or an insider's financial condition;
        (iii)  on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
        (iv)  that the debtor caused to be made or published with intent to deceive

[20] The *Appling* case involved oral false statements made by a law firm's client to the firm in response to the firm's inquiry about an outstanding bill sent to the client. The client told the law firm that he was expecting a large tax refund of approximately $100,000, which would be sufficient to pay the legal bill. Ultimately, the client received a tax refund of approximately $60,000 and did not use the funds to pay the law firm. The client eventually filed for bankruptcy and the law firm sought to have its debt excepted from discharge pursuant to section 523(a)(2)(A). The Supreme Court determined that the statement in *Appling* regarding the tax return was a statement about financial condition, and, therefore, was only non-dischargeable under section 523(a)(2)(B). Therefore, even "a single asset of the [d]ebtor has a direct relation to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not." *Id*. at 1755.

[21] Blue Bank references multiple written misrepresentations in its pleadings and in the Blue Bank Response. However, Blue Bank (a) did not add a count under section 523(a)(2)(B) to its Amended Complaint; and (b) never sought to later amend its Amended Complaint to seek relief under section 523(a)(2)B). In fact, during oral arguments on the Summary Judgment Motion, Blue Bank expressly disclaimed any reliance on section 523(a)(2)(B). Accordingly, the Court will only evaluate the validity of Blue Bank's claims under section 523(a)(2)(A).

6

*TAGGED OPINION*

under section 523(a)(2)(A). Blue Bank argues that the Defendant fraudulently concealed material facts about an investigation by the Colombian government into whether the Defendant's products were not effective and therefore, engaged in false advertising through the Colombian Company.[22] This concealment, Blue Bank contends, together with the various website representations, the "successful image that [Defendant] fostered at Fisher Island Club" and statements to Mr. Mezerhane, collectively amount to false pretenses and material omissions under section 523(a)(2)(A); the wrong, Blue Bank argues, is not limited to statements about the Defendant's financial condition.

So, the Court must first determine whether all of the false statements, misrepresentations and non-disclosures alleged by Blue Bank constitute statements or omissions respecting the Defendant's financial condition. If so, then the Court must determine whether the collective misrepresentations of a defendant's financial condition, whether in writing or otherwise, constitute a scheme or false pretenses, such that relief can be appropriately recognized under section 523(a)(2)(A) and a plaintiff is not required to seek relief under section 523(a)(2)(B).

Blue Bank's arguments ignore the express language of the statute. The material facts described in the Interrogatory Response and the Commitment Letter are statements that clearly describe or represent the financial condition of the Defendant and his business holdings. The Defendant's alleged efforts to project wealth and prosperity[23] were also clearly reflections of the Defendant's financial condition. The Bankruptcy Code specifically requires that, in order to bring an action based on debt incurred in reliance on statements regarding a debtor's financial condition,

---

[22] Blue Bank has failed to establish the relevancy of the Defendant's failure to disclose the government investigations into the Colombian Company because Blue Bank never requested information about the Colombian Company. If the Colombian Company's financial condition was material in any way to Blue Bank's decision whether to make the Loan, as Blue Bank argues in its Response, then Blue Bank should have asked for information regarding any affiliate or subsidiary of the future borrower. However, the Commitment Letter did not ask anything about any affiliate or subsidiary. Moreover, Blue Bank only raised the argument regarding the Colombian Company in the Blue Bank Response; there are no allegations regarding this non-disclosure in the Amended Complaint.

[23] Blue Bank would still need to demonstrate that any of this was relied upon by Blue Bank in making the loan (not an issue the Court must resolve with respect to the Summary Judgment Motion).

7

those statements must be in writing. "'[A] statute ought ... to be so construed that ... no clause, sentence, or word shall be superfluous, void, or insignificant'." *Appling* at 1761 (*citing TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)) (internal citations omitted). And relief relating to such a cause of action must be brought under section 523(a)(2)(B). To accept Blue Bank's argument is to ignore the express language of sections 523(a)(2)(A) and 523(a)(2)(B). *See also Barrett Bros., LLC v. Hedman (In re Hedman),* 2018 WL 3241065, at *12-13 (Bankr.N.D.Okla. July 2, 2018)(The bankruptcy court determined a debtor's oral statement that his business was a "goldmine" was a statement respecting his financial condition and could not form the basis for non-dischargeability because it was an oral statement and any statement respecting financial condition must be in writing to be actionable under section 523(a)(2)(B)).

Blue Bank's argument is, indeed, the flip-side of *Appling*. In *Appling*, the Supreme Court held that even one statement about a debtor's finances constitutes a statement with respect to a debtor's financial condition, and therefore must be in writing. In so holding, the Supreme Court rejected those cases that held that only multiple representations regarding a debtor's finances constitute "a statement with respect to a debtor's financial condition", and must all be in writing. Thus, Blue Bank's argument that multiple statements, together with other acts, take those statements out of section 523(a)(2)(B), is clearly inconsistent with the express provisions of the statute.

Consequently, because Blue Bank only seeks relief in Count I under section 523(a)(2)(A), Defendant is entitled to summary judgment on Count I of the Amended Complaint.

### III.    ORDER

For the foregoing reasons, it is ordered as follows:

1. The Defendant's Motion for Partial Summary Judgment is granted.
2. Judgment is entered in favor of the Defendant on Count I of Blue Bank's Amended Complaint.

*TAGGED OPINION*

# # #

Copies provided to:
Michael Hoffman, Esq.
Thomas Lehman, Esq.

Attorney Hoffman shall serve a copy of the signed order on all parties served with the motion and shall file with the court a certificate of service conforming with Local Rule 2002-1(F).