UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                                                            Case No. 16-25954- LMI
                                                                            Chapter 7

JORGE HANE,

       Debtor.      /

COLTEFINANCIERA, S.A. and                        Adv. Pro. No. 17-01234-LMI
BLUE BANK INTERNATIONAL, N.V.,

       Plaintiff,

v.

JORGE HANE,

       Defendant.      /

**MOTION IN LIMINE**

*Request for hearing on or before trial date of June 24, 2019.*

Defendant, Jorge Hane (the "Defendant"), files this Motion in Limine and states as follows:

**I.    BACKGROUND**

1. Plaintiffs Coltefinanciera, S.A. and Blue Bank International, N.V. (the "Plaintiffs") commenced this adversary proceeding on June 9, 2017.

2. Count II of the Plaintiffs' Amended Complaint (D.E. # 32) (the "Complaint") seeks denial of the Defendant's discharge under 11 U.S.C. §727(a)(3).[1]

3. Based on the allegations contained in the Complaint, the Plaintiffs' proposed exhibits and the drafts of a pretrial stipulation exchanged between the parties, the Plaintiffs intend to argue that

---

[1]    11 U.S.C. §727(a)(3) provides:

        (a)    The court shall grant the debtor a discharge, unless...

        (3)    the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

the documents the Defendant allegedly "concealed, destroyed, mutilated, falsified or failed to keep or preserve" were not the Defendant's personal financial records but the financial records of corporate entities in which he held a direct or indirect interest.

4. Specifically, the Defendant was the 100% owner of JorgeHane Laboratories Corp, a Florida corporation ("JorgeHane Laboratories"). JorgeHane Laboratories in turn held a 90% interest in JorgeHane Laboratories, S.A.S., a Colombian corporation and JorgeHane Laboratories, S.A., an Argentinian corporation. Additionally, the Defendant had a 90% interest in JorgeHane Laboratories de Centroamerica S. de R.L., a Panamanian limited liability partnership. Collectively, the foregoing entities shall be referred to as the "Affiliate Companies".

5. At trial, the Plaintiffs will attempt to prove that deficiencies related to the maintenance of the Affiliate Companies' records should result in the denial of the Defendant's discharge under §727(a)(3).

6. Trial is scheduled for June 24, 2019.

## II. REQUESTED RELIEF

Pursuant to Rules 4001 and 4002 of the Federal Rules of Evidence, the Defendant requests the Court exclude all evidence related to the business records of the Affiliate Companies on the basis of lack of relevance.

## III. ARGUMENT

In the 11th Circuit, "an individual's discharge cannot be denied under §727(a)(3) where…the corporation whose books and records are being challenged is a bona fide separate entity from the Debtors." *In re Espino*, 48 B.R. 232, 235 (Bankr. S.D. Fla. 1984). In *Espino*, the individual debtors managed and operated a closely held family business. *Id.,* at 233. The creditor sought denial of the debtors' discharge under §727(a)(3) based on their failure to maintain the records of the family business. The Court ruled in favor of the debtors, reasoning that since the company was a distinct entity §727(a)(3) was inapplicable. *Id.* at 235. *See also In re Tocci*, 34 B.R. 66, 67 (Bankr. S.D. Fla. 1983) (stating "I am convinced that an individual's discharge cannot be denied under [§727(a)(3)] because corporate financial records are inadequate where, as is the case here, the corporation is a

bona fide separate entity."); *In re Nguyen,* 100 B.R. 581, 583 (Bankr. M.D. Fla. 1989) (stating "it is not the lack of books and records of the corporation which is relevant, but the lack of books and records of the individual Debtors.").

The bankruptcy court's ruling in *Espino* was affirmed on appeal by the 11th Circuit Court of Appeals. *See In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986) (specifically referencing bankruptcy court's ruling on the inapplicability of §727(a)(3) to corporate records). The 11th Circuit's opinion in *Espino* is controlling law in this Circuit. *See Insurance Co. of N. Am. v. White (In re White)*, 177 B.R. 110, 114-115 (Bankr. M.D. Fla. 1994) (citing *Espino*). [2]

In the present matter, there is no dispute that the Affiliate Companies were entities distinct from the Defendant. Accordingly, the maintenance of books and records of the Affiliate Companies is not relevant under the 11th Circuit Court of Appeals' interpretation of §727(a)(3). Accordingly, the Court should not consider any evidence at trial related to this issue.

WHEREFORE, the Debtor requests the Court exclude all evidence at trial relating to the maintenance of the Affiliate Companies' books and records and grant such further relief as is deemed just and proper.

### Attorney's Local Rule 2090-1(A) Certification

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

>HOFFMAN, LARIN & AGNETTI., P.A.
>Counsel for Defendant
>909 North Miami Beach Blvd., Suite 201
>North Miami, FL 33162
>Tel: (305) 653-5555
>Email: mshoffman@hlalaw.com
>
>/s/ Michael S. Hoffman
>Michael S. Hoffman
>Florida Bar No.: 41164

---

[2] Courts in other circuits are split on the issue presented in this motion. *See e.g., Pher Partners v. Womble (In re Womble)* 289 B.R. 836, 858 (Bankr. N.D. Tex. 2003).

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF to Brian J. Recor, Esq. on June 18, 2019.

<u>/s/ Michael S. Hoffman</u>
Michael S. Hoffman