UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JORGE HANE,  BK Case No. 16-25954-LMI

(Chapter 7)

Debtor  Adv. No: 17-01234-LMI

_____ _

BLUE BANK INTERNATIONAL, N.V.;
COLTEFINANCIERA, S.A.

       Plaintiffs,
v.

JORGE HANE,

       Defendant.
_____

## PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE

Plaintiffs/Creditors BLUE BANK INTERNATIONAL, N.V. and COLTEFINANCIERA, S.A. (collectively, "Plaintiffs") respectfully submit this opposition to Defendant/Debtor JORGE HANE's ("Debtor") June 18, 2019 Motion in Limine [ECF No. 80] (the "Motion") and state the following:

### BACKGROUND

Debtor, who controlled and owned a web of corporate entities in Florida and in various foreign jurisdictions – some disclosed on the Chapter 7 Statement of Financial Affairs ("SOFA"), and some not – now seeks to "exclude all evidence related to the business records" of four of those companies in the upcoming June 24, 2019 bench trial on Plaintiffs' objection to discharge under 11 U.S.C. § 727(a)(3). That motion in limine should be denied.

1

This is an adversary proceeding in which Plaintiffs are objecting to Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A). Debtor does not object to the use of these same documents to prove that he made a false oath or account, and therefore should be denied discharge under Section 727(a)(4)(A). Yet, these documents are also relevant to the count under Section 727(a)(3).

First, this new argument was not contained in any of Debtor's affirmative defenses to the operative Amended Complaint. As laid out in Section 727(a)(3), discharge is to be denied where "**the debtor has concealed, destroyed…or failed to keep** or preserve any recorded information, including books, documents, records and **papers, from which the debtor's financial condition or business transactions might be ascertained**…" (emphasis added). While Debtor claimed to have little to no records regarding his own companies, Plaintiffs later discovered that such documents have always existed, but Debtor failed to produce them in this Chapter 7 case – Debtor's third personal bankruptcy. The fact of their existence, and Debtor's failure to produce them, is plainly relevant for the Section 727(a)(3) claim.

Second, Debtor's Motion contains various factual assertions that are contradicted by Debtor's own deposition testimony about what the Motion calls the "Affiliate Companies."[1] (Motion ¶4.) The Affiliate Companies are the following:

1.      JorgeHane Laboratories Corp., **a Florida corporation**. At all times, Debtor was 100% owner (accurately stated in the Motion).

2.      JorgeHane Laboratories, S.A.S, **a Colombian company**. At all times, this was a 100% subsidiary of the Florida corporation, which in turn was wholly owned by Debtor.[2] Debtor claimed this Colombian entity as a "foreign disregarded entity" on his personal tax returns, and

---

[1] Debtor's definition of "Affiliated Companies" in the Motion does not include JorgeHane Holdings LLC or Latinoshopping Corp. – other Florida companies owned and controlled by Debtor until 2016, but not disclosed in the SOFA.

[2] Debtor's Depo. at p.50  (Q. And JorgeHane Laboratories Corp is 100 percent owner of JorgeHane Laboratories Columbia SAS, correct? A. Yes.)

2

testified it provided the vast majority of income to the Florida corporation. However, the Motion inaccurately says it was only *90%* held by the Florida corporation. (Motion ¶4.)

3. JorgeHane Laboratories, S.A., **an Argentinian company**. Until August 2016 (within three months of the Chapter 7 petition), it was a 95% subsidiary of the Florida corporation, which in turn was wholly owned by Debtor.[3] Debtor's wife held the other 5%, and they collectively gave it to an insider in exchange of no money. However, the Motion inaccurately says it was only 90% held by the Florida corporation. (Motion ¶4.) This company was not disclosed in the SOFA.

4. JorgeHane Laboratories de Centroamerica S. de R.L., **a Panamanian company**. According to Debtor's own tax returns, he personally held 90% of this company (accurately stated in the Motion), and his spouse held the remaining 10%. Yet, Debtor's spouse disclaimed any knowledge of this company at her deposition. Further, this company was not disclosed in the SOFA.

While Debtor did provide tax returns for the one Florida corporation mentioned above, he failed to provide any other corporate records of this company, which he solely ran and managed for years. The production is even less significant for the Colombian, Argentinian and Panamanian entities that were owned and managed by Debtor. He testified that the Colombian entity (100% owned by Debtor through his 100% owned Florida corporation) was much more than 50% of all of his income, but Debtor provided no records on how that company operated or its finances. For the Panamanian and Argentinian companies, the only minority shareholder was Debtor's spouse, 5% in the case of Argentina and 10% in the case of Panama. Without this vital business information and records, Plaintiffs cannot ascertain the actual financial situation of the Debtor.

//

---

[3] Debtor's Depo. at p.51  (Q. What share of the Argentine company did JorgeHane Laboratories Corp own? A. 95 percent.  Q. Who owned the other five percent? A. My wife.

## ARGUMENT

Debtor claims that under controlling Eleventh Circuit law, "an individual's discharge cannot be denied under 727(a)(3) where… the corporation whose books and records are being challenged is a **bona fide separate entity** from the Debtors." Motion at p. 2, quoting *In re Espino*, 48 B.R. 232, 235 (Bankr. S.D. Fla. 1984) (emphasis added), aff'd at 806 F.2d 1001, 1002 (11th Cir. 1986). "While it is the law that a debtor's discharge may not be denied *solely* on the basis of lack of corporate records, this does not mean that a debtor's corporate records cannot be the basis for denying a debtor's discharge under section 727(a)(3)." *In re Lorenzo*, 518 B.R. 92, 97 (S.D. Fla. 2014) (internal citation omitted), *aff'd,* 606 F. App'x 548 (11th Cir. 2015).

Bankruptcy courts in Florida have found failure to produce corporate records to justify a denial of discharge where the debtor "had a duty to preserve and maintain corporate records wherein she held positions of authority, such that her creditors could ascertain her financial condition and her business transactions." *In re Ross*, 217 B.R. 319, 332 (Bankr. M.D. Fla. 1998); *see In re Nipper*, 186 B.R. 284, 289 (Bankr. M.D. Fla. 1995) (denying discharge under section 727(a)(3) because "the defendant, as the sole officer and shareholder of CFI, failed to keep or preserve records from which the debtor business transaction might be ascertained."); *see also In re Lorenzo*, 518 B.R. at 98-99 (affirming denial of discharge where debtor was sole shareholder of her businesses, used business funds for personal expenses and destroyed business records).

Debtor's cases, while good law for the general principle that failure to produce corporate records is not alone a reason to deny a personal discharge, are distinguishable. In *Espino*, the company at issue was never owned by the debtors, but rather by the ***debtors' children***. 48 B.R. at 236. The court's analysis was that, while the debtors may have received some benefit from his children's company, the debtors never had an ownership interest in the company. Here, on the other hand, Debtor did have an ownership interest in all of these companies as shown by his own testimony and tax returns.

4

In *Tocci*, another thirty-five year old bankruptcy case cited by Debtor, the court cited *Espino* and found that the debtor "had no responsibility for the corporate financial records, which were **kept by his partner.**" *In re Tocci*, 34 B.R. at 67 (Bankr. S.D. Fla. 1983)(emphasis added). Unlike those cases, for this Debtor's corporate entities, there are no other partners, except for two companies where Debtor's wife held 5-10% of the shares (and apparently without her knowledge).

In *In re Nguyen*, 100 B.R. 581 (Bankr. M.D. Fla. 1989), the court granted a discharge under the specific facts in that case, where it found a justification for the debtor's failure to keep business records. The *Nguyen* debtor had "uncomplex financial affairs" with a sole business that did not generate sufficient income, so "it [was] conceivable that that debtor did not maintain books and records." 100 B.R. at 583. The court also held that "the burden is placed on the debtor to justify the failure to keep books and records, or adequate books and records in the event that the right to discharge is challenged on this ground." *Id.* Here, as shown by the Debtor's tax returns and the thousands of pages that were recently produced by Debtor's accountant before trial, Debtor did not have "uncomplex financial affairs" that would excuse keeping corporate records of his companies.

Similarly, in *In re White*, 177 B.R. 100, another case cited by Debtor, the debtor was only one of several partners in a general partnership, and he actually did produce books and records of that bona fide entity. Discharge was denied for other reasons, but it did cite *Espino* for the difference between corporate and individual records. The court clarified that, while failure to keep records may be justified with unsophisticated debtors, "an individual who was extensively involved in various and sundry business affairs and has liabilities in the six or more figures certainly should have extensive and detailed books and records from which the debtor's financial condition and business transactions can be ascertained." 177 B.R. at 114.

Here, there is ample evidence that these companies were treated as pass-through entities by Debtor for tax purposes and that these companies paid numerous personal expenses for Debtor. Debtor failed to keep (or concealed) corporate records, failed to produce documents responsive to Plaintiff's document requests, but Plaintiffs needed those documents to ascertain Debtor's actual

5

financial condition and business transactions. The fact that Debtor put a 100% owned corporation in between him and some of his companies, which were claimed as pass-through "disregarded entities" should not excuse Debtor's responsibility to records or make those companies' business records irrelevant in the adversary proceeding.

## CONCLUSION

Plaintiffs respectfully ask the Court to deny Debtor's motion in limine, as these four companies were owned by Debtor, and Debtor's failure to maintain records or concealment of those records has prevented Plaintiffs from ascertaining Debtor's financial condition and business transactions.

Dated: June 20, 2019

Respectfully submitted,

/s/ *Brian J. Recor*
Brian J. Recor, Esq.
Florida Bar No. 118392
RECOR RIEBER, P.A.
*Attorney for Plaintiffs*
848 Brickell Avenue, Suite 1000
Miami, FL 33131
Phone: (305) 988-8002
Email: brian@recorrieber.com

Thomas R. Lehman, Esq.
Florida Bar No. 351318
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
*Attorney for Plaintiffs*
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
Phone: (305) 403-8788
Email: trl@lklsg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on the Debtor's counsel, Michael Hoffman and Peter Russin, on June 20, 2019.

By: */s/ Brian J. Recor*

Brian J. Recor, Esq.