**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                          Case No. 16-25954-BKC-LMI
                                                Chapter 7
Jorge Hane,

     Debtor

_____/

Blue Bank International, N.V.;                  ADV. NO. 17-01234-BKC-LMI
Coltefinanciera, S.A.

     Plaintiffs,

vs.

Jorge Hane,

     Defendant.

_____/

## JOINT PRETRIAL STIPULATION

In accordance with this Court's Order Setting Filing and Disclosure Requirements for Pretrial and Trial dated June 12, 2017, Plaintiffs, Blue Bank International, N.V. and Coltefinanciera, S.A. ("Plaintiffs") and Defendant, Jorge Hane ("Defendant" or "Debtor") submit the following Joint Pre-Trial Stipulation of facts:[1]

A.    **Count III – Objection to Discharge under Section 727(a)(4) – Stipulated facts which require no proof at trial which may be read to the trier of fact:**

    1.    At all times relevant hereto, Defendant was a lawful resident in Florida.

    2.    Plaintiffs are creditors of Defendant.

    3.    Debtor listed JorgeHane Laboratories Corp. ("JH Labs") and JorgeHane Laboratories Colombia SAS ("JH Colombia") in Part 11, Item 27 of the Debtor's Statement of

---

[1] The parties reserve the right to object to the admissibility of the facts stipulated in this Joint Pre-Trial Stipulation based on relevancy.

1

Financial Affairs [ECF No. 10] ("SOFA") as a business in which the Debtor, during the four years prior to the Debtor's Chapter 7 case, the Debtor was (a) sole proprietor or self-employed either full-time or part-time, (b) a member with more than 5% of the voting or equity interests or (c) an officer, director or managing executive. Plaintiffs' Exhibit SS.

4.      Within four years of the Debtor's Chapter 7 case, the Debtor owned a ninety percent (90%) equity interest in JorgeHane Laboratories de Centroamerica, S de RL, a Panamanian corporation ("JH Panama"), which is not disclosed in Part 11, Item 27 of the Statement of Financial Affairs. On page 40 of Debtor's 2013 Federal Income Tax Return the Debtor lists a 90% interest in JH Panama and a capital account of $32,427.00 in the company. Plaintiffs' Exhibit A. The Defendant will testify that JH Panama ceased operations in 2013 and does not appear on the Debtor's 2014 Federal Income Tax Return or on any subsequent returns. Plaintiffs do not have evidence to contradict Defendant's testimony. The Debtor's 2013 tax return indicates that it was JH Panama's final return.

5.      Within four years of the Debtor's Chapter 7 case, the Debtor was listed with the Florida Division of Corporations as managing executive of JorgeHane Holdings, LLC, a Florida limited liability company and held a greater than five percent (5%) equity interest in the company. Jorgehane Holdings, LLC is not disclosed in Part 11, Item 27 of the Statement of Financial Affairs. The Debtor signed as manager and listed himself as sole manager of JorgeHane Holdings, LLC in the company's 2012, 2013, 2014 and 2015 Annual Reports of the company filed with Department of State Division of Corporations. Plaintiffs' Exhibit K.

6.      Defendant will testify that JorgeHane Holdings, LLC never operated and the Debtor never earned or received any income from JorgeHane Holdings, LLC and no income from JorgeHane Holdings, LLC is reported on the Debtor's federal income tax returns for 2012 – 2016.

Plaintiffs' do not have evidence to contradict Defendant's testimony.

7.      Jorge Hane Holdings, LLC was administratively dissolved by the Division of Corporations on September 28, 2018.

8.      Within four years of the Debtor's Chapter 7 case, the Debtor was listed as director, president and secretary of LatinoShopping Corp. with the Florida Division of Corporations. LatinoShopping Corp, was not disclosed in Part 11, Item 27 of the Statement of Financial Affairs. The Debtor is listed as director, president and secretary of LatinoShopping Corp. in the company's 2012, 2013, 2014 and 2015 annual reports filed by Debtor in Department of State Division of Corporations. Plaintiffs' Exhibit L.

9.      The Defendant will testify that LatinoShopping Corp. never operated and the Debtor never earned or received any income from LatinoShopping Corp and no income from LatinoShopping Corp. is reported on the Debtor's federal income tax returns for 2012 – 2016. Plaintiffs do not have evidence to contradict Defendant's testimony.

10.     In part 7, Item 18 of the SOFA, the Debtor disclosed that on July 18, 2016, he transferred a patent to his wife six months before his Chapter 7 case and the patent is listed at "zero value" in the SOFA. The Patent and Trademark Office assignment, Plaintiffs' Exhibit MM, shows the Debtor assigned the patent to Because it Works, LLC, a company owned by the Debtor's wife, on July 19, 2016.

11.     On June 9, 2017 this adversary proceeding was filed by the Plaintiffs. On June 22, 2017, the Debtor, Florencia Hane and Because it Works entered into a Settlement Agreement with Chapter 7 Trustee Soneet Kapila (the "Trustee"), the trustee assigned to the Debtor's bankruptcy case. The Settlement Agreement was attached to the Trustee's Motion to Compromise Controversy filed in the Debtor's Chapter 7 case [ECF No. 70] and is Defendant's Exhibit 7.

12.     The Plaintiffs' were served the Trustee's motion and attached Settlement Agreement.

13.     The Plaintiffs' did not object to the Settlement Agreement.

14.     On July 19, 2017, the Court entered an Order Approving the Settlement Agreement pursuant to Bankruptcy Rule 9019, [ECF No. 82] that is Defendant's Exhibit 8.

**B.     Count II – Objection to Discharge under Section 727(a)(3) - Stipulated facts which require no proof at trial which may be read to the trier of fact:**

1.     At all times relevant hereto, Defendant was a lawful resident in Florida.  Prior to the Debtor's Chapter 7 case he filed two Chapter 7 cases:  On December 14, 1987 and on October 30, 1996.

2.     Plaintiffs are creditors of Defendant.

3.     On January 31, 2017, the Trustee served the Debtor with Notice of 2004 Examination *Duces Tecum* of The Debtor, Jorge Hane, Without Examination [ECF No. 27] ("Trustee's Notice") requesting documents for the four year period prior to the Debtor's November 30, 2016 petition date. The Trustee's Notice is Plaintiffs' Exhibit LL. Paragraphs 2, 30, 32, 33 and 36 of the Trustee's Notice requested the following categories of documents from Debtor:

2.     All Documents and Communications provided to any person in connection with the preparation of any Federal or State Tax Returns filed or to be filed by You, [2] individually or jointly, for the tax years 2014, 2015, and 2016.

30.     All statements from checking and/or money market accounts in Your name individually, with another, as trustee or guardian, or in which You may have

---

[2] Trustee's Notice defines "Debtor, You or Your" as Jorge Hane whether in Your individual capacity, jointly with another person, or in any other capacity, and all of the party's affiliates, subsidiaries, assigns, authorized officers and directors, employees, agents, and others acting or purporting to act on the party's behalf.

an interest, including checkbooks, check stubs or check registers, deposit slips, monthly statements, and cancelled checks (regardless of whether or not the account or accounts have been closed), upon which You or any other party were an authorized signatory in any institution whether in the United states of America or abroad.

32. All records indicating all interest of any kind held by You in any and all corporations (foreign or domestic) or any other entities not evidenced by certificates or other instruments.

33. Copies of all corporate records (articles or organization, by-laws, and minute books) for every corporation in which You have a legal or equitable ownership interest.

36. Copies of any and all personal financial statements prepared by an accountant or any other person for You or for any business in which You have or had an interest.

4. March 10, 2017 Plaintiffs' served the Debtor with Cross-Notice of 2004 Examination Duces Tecum of the Debtor, Jorge Hane, Without Examination [ECF No. 38] ("Plaintiffs' Cross-Notice").

5. On March 13, 2017, the Debtor responded to Plaintiffs' Cross-Notice by serving Debtors' Response to Plaintiffs' Cross-Notice directing Plaintiffs' to obtain documents produced by Debtor to Trustee and on the same date, the Debtor's lawyer, Sam Capuano, sent emails to Plaintiffs' counsel and trustee's counsel, Jason Rigoli, stating, "*The Debtor has produced responsive documents to the Trustee via a DropBox account and consents to the Trustee allowing Blue Bank and Coltefinanciera and their counsel access to the DropBox account.*"

6.      On March 13, 2017 the Trustee's lawyer, Jason Rigoli, transmitted a drop box link to Plaintiffs' counsel stating, *"Brian- Here is the link for the documents Mr. Hane produced. Jason."* Attached as Plaintiffs' Exhibit NN is the index of documents contained in the dropbox that are responsive to requests 2, 30, 32, 33 and 36.  Attached as Plaintiffs' Exhibit OO is the Debtor's notes of the documents produced to the Trustee.

7.      The entire Dropbox file of produced documents is available through the following links:

https://www.dropbox.com/sh/ms91qtek3dpaphw/AAA1EQ0fkc6tPAgCOZTVvOcXa?dl=0

8.      During 2013-2016, Jeffrey Weiss was the accountant for the Debtor and his company, JorgeHane Laboratories Corp., and prepared the Debtor's and the company's 2013-2016 Federal Income Tax Returns.  Mr. Weiss was assisted by Jose C. Fernandez.

9.      During 2013-2016 Ricardo Zurlo was CFO of South American companies owned by the Debtor's Florida company, JorgeHane Laboratories Corp.

10.     J@jorgehanelab.com was an email address used by the Debtor during 2013-2016.

11.     Subsequent to receipt of the Debtor's response to the Trustee's Notice and prior to the commencement of this adversary proceeding, the Plaintiffs' did not file any motions to compel additional documents or otherwise advise the Debtor that his document production was inadequate.

12.     On January 26, 2018, Plaintiffs' served a request for production of documents from Defendant in this adversary proceeding for documents from January 1, 2014 to the date of production.  Plaintiffs' Exhibit KK. In paragraphs 16, 18, 19, 20 and 22 of Plaintiffs' request for production, Plaintiffs' requested from Defendant the following documents which includes the responses of the Debtor to the requests:

16.     All financial records, including bank records, balance sheets, financial

statements, and tax returns, for JorgeHane Laboratories Corp, a Florida corporation. **Response: All responsive documents in Defendant's custody, possession and control are enclosed. Defendant further refers to documents produced in response to his Notice of 2004 Examination *Duces Tecum* in this bankruptcy case. A copy can be made available upon request.**

18.    All financial records, including bank records, balance sheets, financial statements, and tax returns, for. JorgeHane Laboratories Colombia SAS. **Response: All responsive documents in Defendant's custody, possession and control are enclosed. Defendant further refers to documents produced in response to his Notice of 2004 Examination *Duces Tecum* in this bankruptcy case. A copy can be made available upon request.**

19.    All financial records, including bank records, balance sheets, financial statements, and tax returns, for JorgeHane Laboratories SA. **Response: All responsive documents in Defendant's custody, possession and control are enclosed. Defendant further refers to documents produced in response to his Notice of 2004 Examination Duces Tecum in this bankruptcy case. A copy can be made available upon request.**

20.    All financial records, including bank records, balance sheets, financial statements, and tax returns, for JorgeHane Laboratories de Centroamericas de RL. **Response: Defendant has no responsive documents in his custody, possession or control.**

22.     All financial records, including bank records, balance sheets, financial statements, and tax returns, for Because it Works, LLC. **Response: Defendant has no responsive documents in his custody, possession or control.**

The Defendant produced a Dropbox link containing documents responsive to the request for production. The documents produced are available at the following link: https://www.dropbox.com/sh/six47gbjbkrhqin/AADQDRYtVAMiU7Fn2FA074xJa?dl=0.

13.     Subsequent to the receipt of the Debtor's response, Plaintiffs' did not serve any demands on the Defendant for additional documents or otherwise advise the Defendant that he had not complied with the request for production.

14.     The Plaintiffs' did not file a motion to compel with respect to the Defendant's response to document request.

15.     On May 16, 2018, the Plaintiffs' issued a subpoena to Jeffrey Weiss (the "Weiss Subpoena"). Mr. Weiss is the Defendant's accountant. A copy of the Weiss Subpoena will be offered as an Exhibit by the Defendant at trial and is Plaintiffs' Exhibit QQ.

16.     The Weiss Subpoena sought, among other items, tax returns, financial statements and bank records relating to the Defendant and identified business entities.

17.     At the request of Mr. Weiss and his accounting firm BDO USA, LLP ("BDO"), the Defendant executed a consent form dated August 3, 2018 authorizing BDO to respond to the Subpoena. The consent form will be offered as an Exhibit by the Defendant at trial.

18.     On August 8, 2018, in response to the Weiss Subpoena, Weiss and BDO produced 177 pages of documents (BDO bates stamp 000001-000247), consisting of a 2017 profit and loss

statements for Because it Works, LLC, the Defendant's 2015 tax return, the Debtor's 2016 tax return, and JorgeHane Laboratories Corp.'s 2016 tax return and other documents.

19.      On May 17, 2019, Weiss and BDO served a supplemental production of documents (BDO Bates Stamp 248-4976) (the "Supplemental Weiss Production") which purport to  contain the documents Weiss utilized to prepare the Debtor's and JorgeHane Laboratories Corporation's federal tax returns.

20.      The Debtor was the 100% owner of JorgeHane Laboratories Corporation, a Florida corporation.

21.      JorgeHane Laboratories owned 100% of JorgeHane Laboratories Colombia, S.A.S, which operated a business in Colombia.

22.      Defendant will testify that JorgeHane Laboratories Colombia, S.A.S ceased business operations in March of 2016 and was the subject of bankruptcy liquidation proceedings in Colombia. It entered liquidation proceedings in Colombia in June 2016.  Plaintiffs' will not offer evidence to contradict Defendant's testimony.

23.      Plaintiffs Coltefinanciera received notices of the liquidation proceeding.

24.      JorgeHane Laboratories Corporation owned a 95% interest in JorgeHane Laboratories, S.A., an Argentinian corporation and Defendant's wife owned 5% of JorgeHane Laboratories, S.A.


**C.  Names of attorneys to try case:**

Plaintiffs' trial attorneys:
Thomas R. Lehman, Esq from Levine Kellogg Lehman Schneider & Grossman, LLP
Brian Recor, Esq. from Recor Rieber, P.A.

Defendant's trial attorneys:
Michael Hoffman, Esq. from Hoffman, Larin & Agnetti, P.A.

I, Thomas Lehman, attorney for Plaintiffs, and Michael Hoffman, attorney for Defendant, certify

that we have met to discuss settlement and that a good faith settlement attempt has been made

STIPULATED AND AGREED TO BY:

/s/ Brian Recor
Brian Recor, Esq.
Florida Bar No. 118392
RECOR RIEBER, P.A.
*Attorneys for Plaintiffs*
848 Brickell Avenue, Suite 1000
Miami, FL 33131
Tel: 305-988-8002


LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
*Co-Counsel for Blue Bank International,*
*N.V.; Coltefinanciera, S.A.*
201 South Biscayne Boulevard, 22nd Floor
Miami, FL  33131
Telephone (305) 403-8788
Facsimile (305) 403-8789


/s/ Michael Hoffman
Michael Hoffman, Esq.
Florida Bar No. 41164
Hoffman, Larin & Agnetti, P.A.
*Attorneys for Defendant*
909 N Miami Beach Blvd. Suite 201
North Miami Beach, FL 33162
Tel.: 305-653-5555


By: /s/ Thomas R. Lehman
THOMAS R. LEHMAN, P.A.
Florida Bar No. 351318
Primary: trl@lklsg.com
Secondary: ar@lklsg.com

10