## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

                                                  Case No. 16-25954- LMI
                                                  Chapter 7

JORGE HANE,

       Debtor.         /

COLTEFINANCIERA, S.A. and                             Adv. Pro. No. 17-01234-LMI
BLUE BANK INTERNATIONAL, N.V.,

       Plaintiff,

v.

JORGE HANE,

       Defendant.         /

## DEFENDANT'S OPENING STATEMENT

**I.     Introduction**

The Plaintiffs have filed this action seeking denial of the Debtor Jorge Hane's discharge under Sections 727(a)(3) and (a)(4) of the Bankruptcy Code. The Plaintiffs carry the burden of satisfying the elements of the respective Code sections and of overcoming the general presumption favoring the discharge of debts and the availability of fresh starts for bankruptcy debtors. As will be demonstrated, the Plaintiffs will not be able to overcome their burden.

**II.     §727(a)(3)**

11 U.S.C. §727(a)(3) provides:

> (a)    The court shall grant the debtor a discharge, unless...
>
> (3)    the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

Under the case law, a plaintiff must prove "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Harmon,* 324 B.R. 383, 388 (Bankr. M.D. Fla. 2005). Additionally, the 11th Circuit Court of Appeals has determined that the failure to preserve and maintain books and records of a corporation which is a distinct entity from the individual debtor cannot support denial of discharge under §727(a)(3). *In re Espino*, 48 B.R. 232, 235 (Bankr. S.D. Fla. 1984) aff'd *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986).

The Plaintiffs entire §727(a)(3) case rests on the Debtor's alleged failure to adequately respond to a Rule 2004 examination request. Specifically, the Plaintiffs allege the Debtor did not produce sufficient books and records of entities which he held a direct or indirect interest in. However, the evidence will show that:

1) The Rule 2004 request was ambiguous as to what documents were being requested;

2) Prior to filing this adversary proceeding the Plaintiffs, who had cross-noticed the 2004 request, never advised the Debtor or his counsel that they believed the Debtor's production to be inadequate;

3) The Plaintiffs never filed a motion to compel in response to the Debtor's production;

4) The Debtor produced all documents which he was asked to produce;

5) The Plaintiffs subsequently obtained all the corporate financial records they were seeking through a subpoena to the entities' accountant;

6) All of the relevant business entities were managed and operated as distinct separate entities; and

7) The business entities at issue had stopped operating prior to the Petition Date. In fact, the evidence will show that largest of the entities had been liquidated in a Colombian bankruptcy case in early 2016.

In short, the evidence will demonstrate that the Debtor's personal financial records were properly maintained and made available to the Plaintiffs, the Debtor justifiably believed he had fully responded to the Plaintiffs' document requests, and that the Plaintiff is presently in possession of

all of the corporate records necessary to ascertain the Debtor's financial condition. Accordingly, the Plaintiff will not be able to satisfy either of the two elements of §727(a)(3).

### III.    §727(a)(4)

11 U.S.C. §727(a)(4)(A) provides:

> (a)    The court shall grant the debtor a discharge, unless...
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> (A) made a false oath or account;

To sustain an objection under §727(a)(4)(A), a plaintiff must prove "(1). the debtor made a statement under oath; (2) such statement was false; (3). the debtor knew the statement was false; (4). the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case."

The Plaintiffs will point to the Debtor's failure to schedule three business entities, two of which were shell companies that were registered with the Florida Department of Corporations but never operated or held assets and a third which had been defunct for years. However, the evidence will demonstrate that any errors in the Debtor's schedules were entirely unintentional, lacked fraudulent intent and were immaterial to this bankruptcy case. There is no discernable reason that the Debtor would risk his bankruptcy discharge to hide companies that were worthless and inactive.

Finally, the Debtor's Statement of Financial Affairs discloses that the Debtor transferred a patent valued at $0.00 to his wife in July 2016. The Plaintiffs' will claim that the $0.00 valuation was a false oath which meets the requirements of §727(A)(4)(A). The evidence will show otherwise. The patent was for a shoe insole product which the Debtor had invented. The Debtor spent years trying to sell the product without success. After the Debtor's business interests in Colombia collapsed in early 2016, the Debtor's wife decided she needed to support her family. As

a user of the product, she saw potential in the shoe insole product and decided to start a business. As of the Debtor's petition date, the company had not yet begun to operate and there was no evidence there was any market for the product. The evidence will show that the Debtor justifiability believed the patent was worthless. Moreover, the Plaintiffs will present no expert testimony offering a competing value. The Debtor's and his wife's opinions as to the value of the patent will thus be the only admissible evidence on the issue.

### IV.    Conclusion

For the reasons set forth above, the Debtor asks the Court to enter judgment denying the relief sought in the Plaintiff's Complaint and to grant the Debtor the fresh start he filed bankruptcy to achieve.

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Defendant
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
Tel: (305) 653-5555
Email: mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.: 41164

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF to Brian J. Recor, Esq. on June 21, 2019.

/s/ Michael S. Hoffman
Michael S. Hoffman